United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. MILLER,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent. | No. C 10-03831 JF (PR)<br><br>ORDER DENYING MOTION FOR STAY; DISMISSING PETITION; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket Nos. 2 & 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On the same day, Petitioner filed a motion for a stay of the matter so he can exhaust his claims in state courts. (Docket No. 2.) Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 3.)

**BACKGROUND**

Petitioner entered a plea of nolo contendere in Santa Clara County Superior Court to violating Penal Codes §§ 211, 212.5, 12022, 148, and Vehicular Code § 2800.2. (Pet. 2.) Petitioner was sentenced to sixteen years in state prison on February 22, 2008. Petitioner

appealed the conviction, which was affirmed by the state appellate court in 2009. (Pet. at 3.) The instant federal habeas petition was filed on August 27, 2010.

**DISCUSSION**

A.   Motion for Stay

Petitioner alleges the following claims for federal habeas relief: (1) his plea bargain was breached by the imposition of a substantially higher sentence than agreed upon, violating his right to due process; (2) ineffective assistance of counsel for failure to investigate; and (3) ineffective assistance of counsel for failing to enforce plea agreement. (Pet. at 6.) According to Petitioner, he did not complete his direct appeal with the state high court which notified him in October 2009 that he would not be able to file a Petition for Review "as the time to do so had run out." (Pet.'s Mot. for Stay at 2.) Petitioner filed a state habeas petition in Santa Clara County Superior Court on January 26, 2010. To date, Petitioner has yet to exhaust his claims with the California Supreme Court. (Id. at 3.) Petitioner requests that the instant petition be stayed while he exhausts his claims in state courts. (Id.)

The United States Supreme Court has held that district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Here, it is clear that the instant petition contains only unexhausted claims. Accordingly, this Court does not have discretion to stay the petition. The motion for stay is DENIED.

B.   Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every

2

claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). As discussed above, it is clear that Petitioner did not exhaust any of the claims presented in the petition at the time of filing. Accordingly, this petition must be DISMISSED for failure to exhaust all claims.

## CONCLUSION

The instant petition is DISMISSED for failure to exhaust state court remedies. See Rose v. Lundy, 455 U.S. at 510. This dismissal is without prejudice to petitioner's returning to federal court after exhausting his state court remedies.

Petitioner's motion for stay is DENIED. (Docket No. 2.)

Petitioner's motion for leave to proceed in forma pauperis is GRANTED. (Docket No. 3.) This order terminates Docket Nos. 2 and 3.

IT IS SO ORDERED.

DATED: __1/18/11_____      _____
                                                                                          JEREMY FOGEL
                                                                                          United States District Judge

Order Denying Stay; Dismissal; Grant IFP
P:\PRO-SE\SJ.JF\HC.10\Miller03831_dism-exh.wpd           3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE P. MILLER,

        Petitioner,

v.

GARY SWARTHOUT, Warden,

        Respondent.

                              /

Case Number: CV10-03831 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   1/31/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lawrence P. Miller G-08873
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated:   1/31/11

                                              Richard W. Wieking, Clerk